# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:13-CR-025-7

                              District Judge Susan J. Dlott
- vs -                             Magistrate Judge Michael R. Merz

CASEY BROCK,

        Defendant.    :

## REPORT AND RECOMMENDATIONS; ORDER DENYING APPOINTMENT OF COUNSEL

This criminal case is before the Court on Defendant Casey Brock's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 636).  Brock seeks relief under Amendment 794 to the Sentencing Guidelines on grounds he played a minor role in the criminal offense of which he was convicted.

The Motion is before the Court for initial review under Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

>> response within a fixed time, or take other action the judge may order.

Brock was indicted along with seventeen others for conspiring to distribute cocaine and heroin in Cincinnati (Superseding Indictment, ECF No. 75). He entered into a Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C) to plead guilty to Count 1 and to receive an agreed sentence of the mandatory minimum of 120 months (Plea Agreement, ECF No. 313, PageID 1011, et seq.) Judge Dlott accepted that Agreement and Brock's guilty plea pursuant to it and sentenced him as required by the Agreement on December 4, 2014 (ECF Nos. 430, 454, 462).

Thus Brock's conviction became final long before the Sentencing Commission adopted Amendment 794 to be effective November 1, 2015. The Court need not analyze whether Mr. Brock would qualify for a mitigating adjustment for a minor role if he were being sentenced today because Amendment 794 is not retroactively applicable to persons sentenced before its effective date. U.S.S.G. 1B1.10(d). Mr. Brock cites *Jones v. United States*, 178 F.3d 790 (6th Cir. 1999), and *Clemons v. United States*, 102 Fed. Appx. 933 (6th Cir. 20014), as allowing retroactive application of a Guideline amendment (ECF No. 636, PageID 2292). In both those cases, the Sixth Circuit affirmed a denial of relief.

Furthermore, as Mr. Brock's Motion implies, the usual procedure for an adjustment of an imposed sentence where the Guidelines have been amended is a motion under 18 U.S.C. § 3582. Mr. Brock does not qualify for relief under § 3582 because Amendment 794 does not lower the sentencing range for his offense. But the fact that he cannot obtain relief under § 3582 does not imply that § 2255 is an appropriate vehicle.

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346 (1974), *quoting Hill v. United States*, 368 U.S. 424, 428-429 (1962); see also *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Mr. Brock's Motion to Vacate be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. His Motion for appointment of counsel (ECF No. 637) is DENIED as moot.

October 19, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).