# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:13-CR-025-7

                              District Judge Susan J. Dlott
- vs -                      Magistrate Judge Michael R. Merz

CASEY BROCK,

        Defendant.    :

## REPORT AND RECOMMENDATIONS TO DENY OUT OF TIME DIRECT APPEAL

    This criminal case is before the Court on Defendant Casey Brock's Petition for Out of Time Direct Appeal (ECF No. 645).  Brock seeks to have applied the retroactive amendments to the Sentencing Guidelines adopted by the Sentencing Commission in Amendment No. 794 for mitigating adjustments for minor roles which he believes is retroactively applicable to persons with pending direct appeals. *Id.* at PageID 2307.

    This post judgment motion is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a recommended decision.

    Final judgment in this case was entered December 4, 2014 (ECF No. 462).  Brock's notice of appeal was therefore required to be filed by December 18, 2015.  Fed. R. App. P. 4(b)(1)(A).  This Court has authority to extend the time if Brock had filed a motion not later than January 17, 2015, but he did not do so.  The Court could also reopen the time for filing an appeal

if Brock had not received notice of the final judgment and he had moved to reopen within 180 days of judgment, but the instant Motion is far later than that.

Moreover, Brock pleaded guilty pursuant to a Plea Agreement which agreed on a sentence under Fed. R. Crim. P, 11(c)(1)(C) of 120 months and which waived his right to appeal (ECF No. 313, PageID 1012, 1017).  Thus he had waived his right to take a direct appeal.

The Petition to Allow an Out-of-Time Appeal should therefore be DENIED.


November 11, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).